FRANK W. PETERSON AND MARY PETERSON, HIS WIFE, 997; ELIZA MONAHAN, 998; CONCEZIO DEACETIS, 999; JOHN PETRUSKA AND MARGARET PETRUSKA, HIS WIFE, 1000; JOHN AUGUST ROSELL AND SELMA ROSELL, HIS WIFE, 1001; JOHN AUGUST ROSELL, 1002; GUSTAV A. HOLMES AND MARY HOLMES, HIS WIFE, 1003; JOHN E. SCHWAB, 1004; MARGARET KESSLER, 1005; R. L. FITZGERALD, 1006; OSCAR E. BUSCH, 1007; FRANK BALOGH AND ELIZABETH BALOGH, 1008; VICTOR ANDERSON, 1009; ROYCE F. ZINGER, *et al.*, 1011; EMMA BUCHMEIER KEELER, 1012; GEORGE F. PIERCE AND LILY PIERCE, HIS WIFE, 1013; CHARLES LINDSTROM, 1014; Claimants, *vs.* STATE OF ILLINOIS.

*Opinion filed May 26, 1927.*

HARD ROADS—*when award may be made for damages sustained by construction of.* Where by the construction of the State hard road claimants sustained damage to their property by being deprived of access to their property, or to access to the public thoroughfare on which their property fronts, and are deprived of the light and air, an award may be made to them for the damages sustained.

SNAPP, HEISE & SNAPP, for claimants.

OSCAR E. CARLSTROM, Attorney General; WILLIAM E. TRAUTMANN, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

All of said claims were brought on account of the construction of a hard road known as Route 22, running from the Indiana State line on the east to the Mississippi river on the west, it being alleged by claimants that during the year 1925 this road was constructed upon and along a road called East

Cass street, just outside the city limits of the city of Joliet, Illinois, and that a long, high and wide viaduct was built over the railroad tracks and right of way of the Elgin, Joliet and Eastern Railway Company, with long and gradual approaches thereto, and which viaduct is along and in front of the property of the claimants. It is further alleged that said viaduct was built in such a manner as to occupy all of the street or roadway and raised the roadbed thirty feet and upward fronting the properties of claimants, depriving claimants of the light and air and practical access to the public thoroughfare of said claimants' property fronts.

Evidence was heard and the following stipulation was agreed upon and executed in behalf of the claimants by their attorneys, Snapp, Heise & Snapp, and the defendants, The State of Illinois, by its Attorney General, Oscar E. Carlstrom, which stipulation is, in words and figures, as follows, to-wit:

"It is agreed and stipulated between the parties, upon a consideration of the provisions that the testimony of the minimum witness as to the total amount of damages to property be agreed upon, except as to the damages in No. 999 and 1004, in which cases the damages are increased to an amount based upon actual offers for the purchase of the property, and that the undisputed proof of damages to business is also agreed upon, except that the damages in No. 1014 be reduced to an amount $1,000.00 less because of a clerical error in computation made by counsel for the petitioners. It is further stipulated that in No. 1011 the property damages agreed upon shall be the minimum amount as disclosed by the proof and business damages in said No. 1011 shall be the amount disclosed by the uncontroverted proofs.

It is further stipulated that the following amounts arrived at as aforesaid are agreed upon:

| No. | Claimant—Injury to Real Estate | |
|------|------------------|------------|
| 997 | Peterson | $ 2,500.00 |
| 998 | Monahan | 1,500.00 |
| 999 | Deacetis | 12,500.00 |
| 1000 | Petruska | 3,100.00 |
| 1001 | Rosell | 3,000.00 |
| 1002 | Rosell | 3,500.00 |
| 1003 | Holmes | 2,500.00 |
| 1004 | Schwab | 3,000.00 |
| 1005 | Kessler | 7,800.00 |
| 1006 | Fitzgerald | 4,500.00 |
| 1007 | Busch | 3,600.00 |

| | | |
|---|---|---|
| 1008 | Balogh | 2,950.00 |
| 1009 | Anderson | 1,500.00 |
| 1012 | Keeler | 2,450.00 |
| 1013 | Pierce | 1,550.00 |
| 1011 | Zinzer | 15,000.00 |

*Injury to Business*

| | | |
|---|---|---|
| 999 | Deacetis | 2,400.00 |
| 1006 | Fitzgerald | 1,600.00 |
| 1011 | Zinzer | 10,000.00 |
| 1014 | Lindstrom | 1,736.40 |

It is therefore considered by this court, by reason of said stipulation, that the claimants be allowed the amount specified in said stipulation, and it is now herein recommended that claimants be allowed the amounts as hereinafter set forth:

No.

| | | |
|---|---|---|
| 997 | Frank W. Peterson and Mary Peterson, his wife | $  2,500.00 |
| 998 | Eliza Monahan | 1,500.00 |
| 999 | Concezio Deacetis | 14,900.00 |
| 1000 | John Petruska and Margaret Petruska, his wife | 3,100.00 |
| 1001 | John August Rosell, and Selma Rosell, his wife | 3,000.00 |
| 1002 | John August Rosell | 3,500.00 |
| 1003 | Gustav A. Holmes, and Mary Holmes, his wife | 2,500.00 |
| 1004 | John E. Schwab | 3,000.00 |
| 1005 | Margaret Kessler | 7,800.00 |
| 1006 | R. L. Fitzgerald | 6,100.00 |
| 1007 | Oscar E. Busch | 3,600.00 |
| 1008 | Frank Balogh, and Elizabeth Balogh | 2,950.00 |
| 1009 | Victor Anderson | 1,500.00 |
| 1011 | Royce F. Zinzer, et al. | 25,000.00 |
| 1012 | Emma Buchmeier Keeler | 2,450.00 |
| 1013 | George F. Pierce and Lily Pierce, his wife | 1,550.00 |
| 1014 | Charles Lindstrom | 1,736.40 |